**UNITED STATES of America,**

v.

**Michquel CURINGTON, Appellant.**

No. 03–3156.

United States Court of Appeals,
Third Circuit.

Submitted Feb. 26, 2004.

Decided March 2, 2004.

Bonnie R. Schlueter, Christine A. Sanner, Office of United States Attorney, Pittsburgh, PA, for Appellee.

Michael J. Healey, Healey & Hornack, Pittsburgh, PA, for Appellant.

Before RENDELL, BARRY, and BECKER, Circuit Judges.

OPINION

BECKER, Circuit Judge.

Michquel Curington appeals from the judgment of conviction for violation of 18 U.S.C. § 922(g)(1), possession of firearm by a convicted felon. At sentencing the Court found a two level increase in the base offense level was warranted pursuant to § 2K2.1(b)(4) because the firearm was stolen. Curington's sole argument on appeal is that, because there was no allegation, let alone proof, that he knew the firearm was stolen, Sentencing Guideline § 2K2.1(b)(4) and its specific application in this case violates due process principles under the Fifth Amendment because the enhancement is permitted without proof of scienter.

Curington acknowledges in his brief that this argument is contrary to the existing precedent in this Circuit, *United States v. Mobley,* 956 F.2d 450 (3d Cir.1992). In *Mobley,* we refused to imply a scienter element and concluded that the lack of such an element in the sentencing enhancement for the possession of a stolen firearm does not offend due process. *Id.* at 452–54. Curington nonetheless requests that we reconsider that decision, and adopt the dissent of Judge Mansmann in that case. This, of course, a panel cannot do; only the en banc Court can overrule a prior decision, *see* IOP 9.1, Policy of Avoiding Intra-circuit Conflict of Precedent. Curington is free to seek en banc consideration if he desires.

The judgment of the District Court will be affirmed.